IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV529

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMERISURE INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

This matter is before the Court upon its own motion. Despite the voluminous briefing on the cross motions for summary judgment in the case, the parties have devoted relatively little time to adequately briefing a crucial issue: If the Court were to conclude that Amerisure's policies provide coverage, which insurance policy would attach after Amerisure's CGL Policy? The parties are therefore directed to file supplemental briefs regarding this issue only. The briefs should specifically and thoroughly address the following questions:

1. Whether the CSS-SteelFab indemnity agreement is valid in light of N.C. Gen. Stat. § 22B-1 and *In re New Bern Riverfront Dev., L.L.C.*, 516 B.R. 828 (E.D.N.C. 2014);

2. What is the effect of the "Other Insurance" clauses in the Continental CGL policy *endorsement*[1] and the Amerisure Umbrella Policy and how are they to be analyzed in light of *Horace Mann Ins. Co. v. Gen. Star Nat. Ins. Co.*, 514 F.3d 327 (4th Cir. 2008)?

---

[1] Amerisure's Memorandum of Law in Support of Motion for Summary Judgment (Doc. No. 32) quoted the "Other Insurance" clause contained in Doc. 1-9, p. 14 (Continental CGL Policy) and ignored the amended clause contained in the endorsement on page 52.

3. Of what significance, if any, is the requirement in the CSS-SteelFab subcontract that any insurance required by the Subcontract be "primary and non-contributory with SteelFab's Insurance program"?[2]

Such supplemental briefs are to be filed within fourteen days of the date of entry of this Order.

IT IS SO ORDERED.

Signed: May 5, 2016

Graham C. Mullen
United States District Judge

---

[22] *See* Doc. 1-3, pp. 20-21, ¶¶ 15.1 and 15.5.